IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: 07 C 4976 ) |
| JANICE FINNEY OF DHR UPTOWN, SAM GUARDINO, and OFFICER MARK SMITH, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Ronald Williams brings this suit against Janice Finney, Sam Guardino, and Officer Mark Smith. Along with his complaint, he petitions to proceed *in forma pauperis* and to have counsel appointed for him. For the reasons set forth below, his petition to proceed *in forma pauperis* is granted in part and denied in part and his petition for appointment of counsel is denied. Further, his complaint is dismissed as to Finney and Guardino.

Under 28 U.S.C. § 1915(a) we may authorize a plaintiff to proceed *in forma pauperis* if he demonstrates an inability to pay the required costs and fees. In his financial affidavit, plaintiff asserts that he is unemployed and has been since November 2005. He reports a small amount of monthly income from social security, but the allegations in the complaint demonstrate that he is homeless. We are satisfied that he has demonstrated the requisite need.

However, our inquiry does not end there. Generally, in reviewing a petition to proceed *in forma pauperis*, we must analyze the claims and dismiss the complaint if the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). In reviewing the petition we apply the standard used in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Complaints in federal court need only satisfy a notice pleading standard which requires that plaintiffs provide "fair notice" of their claims and that recovery be "plausible." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). See also Airborne Beepers & Video Co. v. AT & T Mobility LLC, No. 06-2949, 2007 WL 2406859, at*4 (7th Cir. Aug. 24, 2007). Because plaintiff is proceeding *pro se*, we have a special responsibility to construe his complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Alvarado v. Itscher, 267 F.3d 648, 651 (7th Cir. 2001).

Both the original and amended complaints are somewhat difficult to understand, but as best we can discern it appears that plaintiff brings this action under 42 U.S.C. § 1983. A claim under § 1983, requires that he establish: (1) that defendants were acting under color of state law; and (2) that defendants deprived him of a federally protected right. Jones v. Wilhelm, 425 F.3d 455, 465 (7th Cir. 2005).

Plaintiff first alleges that Finney, who is an employee for the Department of Human Services in Chicago, introduced him to Guardino, who works for the organization Thresholds. Some time later Guardino secured temporary housing for plaintiff at a shelter. But plaintiff contends that the shelter was unsafe and drug-infested. He alleges that Guardino placed him there in retaliation because he earlier filed a complaint against Officer Smith with the police department's Office of Professional Standards.

As a preliminary matter we note that plaintiff cannot proceed under § 1983 against Guardino because he is a private individual and plaintiff does not allege that he was acting under color of state law. Moreover, plaintiff contends only that Finney and Guardino provided him with temporary shelter, albeit shelter that was not satisfactory to him. He fails to allege that they deprived him of any federally secured right. Plaintiff fails to state a claim under § 1983, and his claim must be dismissed as to Finney and Guardino.

Plaintiff next alleges that Officer Smith falsely arrested him in November 2006 in retaliation for the complaint with the Office of Professional Standards. He attaches the decision of an Administrative Law Officer for the city which found him not liable for the offense of drinking in the public way. He believes that the decision shows that Officer Smith falsely arrested him. But whether or not he was found guilty of the underlying offense has no bearing on whether he was falsely arrested. See Kelley v. Myler, 149 F.3d 641, 647 (7th Cir. 1998). Instead, to succeed on an unlawful arrest claim plaintiff must show he was arrested without probable cause. Booker v. Ward, 94 F.3d 1052, 1057 (7th Cir. 1999). Despite this, if we construe the complaint liberally, as we must, plaintiff provides fair notice of his claim to Officer Smith. He provides the month of the arrest, the notice of violation number, and the address where the violation occurred. Further he alleges that he was falsely arrested in retaliation for filing a professional complaint against Officer Smith. In short, he provides notice of a plausible claim. His motion to proceed *in forma pauperis* on this claim in granted.

Plaintiff also moves this court to appoint counsel. Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer, Merritt v. Faulkner, 697

F.2d 761, 763 (7th Cir. 1983), but federal district courts are authorized by statute to appoint counsel where justified by "exceptional circumstances," <u>Farmer v. Haas</u>, 990 F.2d 319, 322 (7th Cir. 1993). <u>See also</u> <u>Pruitt v. Mote</u>, No. 05-1620, 2007 WL 2850448, at *5-*6 (7th Cir. Oct. 3, 2007) (en banc). Before a court will inquire as to whether the circumstances of a case are exceptional, the petitioner must demonstrate that he has made reasonable efforts to retain counsel and was unsuccessful, or that he was effectively precluded from making such efforts. <u>Jackson v. County of Maclean</u>, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Plaintiff's application in this case makes no such representation. Thus, his petition is denied with leave to refile with the required information.

For the foregoing reasons, plaintiff's petition to proceed *in forma pauperis* against Finney and Guardino is denied and those claims are dismissed. His petition to proceed *in forma pauperis* against Officer Smith is granted. His request for appointment of counsel is denied. Plaintiff must provide for service upon Officer Smith.

                                              */s/ James B. Moran*
                                              James B. Moran
                                              Sr. Judge, U.S. District Court

Oct. 18, 2007